UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

FABIO PEREIRA,

        Plaintiff,

vs.

FUTURE MOTION, INC.,

        Defendant.

**NOTICE OF REMOVAL**

Civil No.: _____

**PLEASE TAKE NOTICE** that Defendant, FUTURE MOTION, INC. ("Defendant" or "Future Motion"), hereby files this Notice of Removal of the above-referenced action from the Circuit Court in the Seventeenth Judicial Circuit in and for Broward County, Florida, in which it is now pending, to the United States District Court, Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3).

As grounds for removal, Defendant states as follows:

**I.**  **Relevant Background**

1. Plaintiff commenced this litigation by filing a Summons and Complaint on August 27, 2021, in the Broward County Clerk's Office. A copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit A,** and was served on Future Motion on or around December 16, 2021. According to Plaintiff's Complaint,

1

Plaintiff Fabio Pereira alleges that Future Motion was negligent in the designing, manufacturing, and/or warnings related to the Onewheel.

2. Defendant served its Answer to the Complaint on December 16, 2021, attached hereto as **Exhibit B.**

## II. Papers from Removed Action

3. Annexed hereto as **Exhibit C** is a copy of is a copy of each publicly-available paper docketed in the State Court, along with an Index of the State Court pleadings.

## III. The Removal is Timely

4. Removal is timely under 28 U.S.C. § 1446(b)(3). Based on the Complaint, Defendant did not have a good faith basis to believe the amount in controversy exceeded $75,000 to establish subject-matter jurisdiction under diversity of citizenship. On July 15, 2022, however, Plaintiff served medical records and medical bills in response to Defendant's discovery, a summary of which is attached hereto as **Exhibit D**, that shows Plaintiff incurred over $100,000 in medical expenses from injuries he alleges he suffered related to his claims against Defendant. Accordingly, this notice of removal is being filed within 30 days of service of an "other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3); *see also* 28 U.S.C. 1446(c)(3)(A).

Further, more than one year has not yet elapsed since commencement of this action. 28 U.S.C. § 1446(c)(1).

## IV. Venue and Jurisdiction Are Proper in This Court

5. Venue is proper in the United States District Court for the Southern District of Florida as this is the District corresponding to and embracing the place where the state-court action was pending.

6. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. 1332 because (i) it is between "[c]itizens of different States;" and (ii) the "matter in controversy exceeds the sums or value of $75,000, exclusive of interests and costs."

## V. Complete Diversity Exists

7. Plaintiff is a resident and citizen of the State of Florida. *See* **Exhibit A** at ¶ 1.

8. Future Motion is diverse to Plaintiff. Defendant Future Motion, Inc. is a Delaware corporation, with its principal place of business in California. *Id.* at ¶ 2.

9. Because Plaintiff is a citizen of Florida and Defendant is not, diversity of citizenship exists under 28 U.S.C. § 1332.

## VI. The Amount In Controversy Requirement is Satisfied

10. The value of the Plaintiff's alleged damages exceeds $75,000.00 based on Plaintiff's alleged injuries and medical records received to date.

11. Where removal of a civil action is sought on the basis of diversity jurisdiction:

> [T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that … the notice of removal may assert the amount in controversy if the initial pleading seeks . . . a monetary judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000].

28 U.S.C. § 1146(c)(2). Additionally:

> If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specific in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).

28 U.S.C. § 1446(c)(3).

12. Plaintiff, in his Complaint, alleges to have sustained serious and permanent injuries including a fractured hip and femur; mental anguish; pain and suffering; emotional distress; economic damages; and non-economic damages. *See* **Exhibit A** at ¶ 25. Even so, due to the broad description of Plaintiff's injuries, Defendant did not have a good faith belief that it could meet its burden by proving by a preponderance of the evidence that the amount in controversy exceeded $75,000.

13. Subsequently, Defendant learned on July 15, 2022, as part of Plaintiff's

discovery responses, that Plaintiff has incurred medical expenses in excess of $100,000 for injuries he alleges were caused by Defendant. *See* **Exhibit D.**

14. Here, Plaintiff's allegations regarding the extent of his alleged injuries, now coupled with his medical bills that are well in excess of $75,000, provide sufficient evidence that the amount in controversy exceeds the jurisdictional threshold.

15. Plaintiff has confirmed he has no objection to removal.

16. For these reasons, this Court has original jurisdiction over this action and removal is proper. Further, removal is proper under 28 U.S.C. § 1446(c)(2)(B) if the court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interests and costs.

**VII. Filing of Removal Papers**

17. Written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal and supporting papers, is being served on Plaintiff's counsel contemporaneously with this filing and will be filed with the Office of the Clerk of the United States District Court for the Southern District of Florida as provided by 28 U.S.C. § 1446(d).

18. All procedural requirements for removal under §§ 28 U.S.C. 1441 and 1446 have been satisfied and this case is hereby removed pursuant to the Court's original jurisdiction under 28 U.S.C. § 1332.

19. Defendant reserves all defenses to Plaintiff's claims. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any right to assert any defense or affirmative matter, including but not limited to (1) lack of jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party or parties; or (8) any other pertinent defense available.

20. DEFENDANT DEMANDS A TRIAL BY JURY.

DATED: August 15, 2022

/s/ Michael R. Holt
MICHAEL R. HOLT
Florida Bar No.: 483450
E-mail: mholt@rumberger.com
docketingmiami@rumberger.com
mholtsecy@rumberger.com
LIGIANETTE CORDOVA
Florida Bar No.: 103271
E-mail: lcordova@rumberger.com
docketingmiami@rumberger.com and
lcordovasecy@rumberger.com
Rumberger, Kirk, & Caldwell, P.A.
Brickell City Tower, Suite 3000
80 Southwest 8th Street
Miami, Florida 33130-3037
Tel: 305.358.5577
Fax: 305.371.7580

*Attorneys for Defendant Future Motion, Inc.*

## SERVICE LIST

Branden Weber, Esquire
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone:  (407) 420-1414
bweber@forthepeople.com

(Counsel for Plaintiff)